# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
File No.: 5:25-CV-00132-FL

| | |
|---|---|
| TIMOTHY STANHOPE,<br>Plaintiff,<br><br>v.<br><br>MAJOR GENERAL TODD HUNT, *et al.*,<br>Defendant. | **SETTLEMENT AGREEMENT<br>AND RELEASE** |

This Settlement Agreement and Release ("Agreement") is entered into by and between Plaintiff Timothy Stanhope ("Plaintiff") and the North Carolina National Guard ("NCNG"), including its parent agency the North Carolina Department of Public Safety ("NCDPS"), for themselves and for the benefit of Major General M. Todd Hunt, Lieutenant Colonel Ellis Parks, Captain Timmy R. Marshburn, and the North Carolina National Guard Social Media Manager ("Defendants") (NCNG, NCDPS and Defendants are collectively hereinafter referred to as the "Released Parties"), in full and final settlement of all claims, actions, and causes of action between them, as set forth herein, and as brought by Plaintiff in the above-captioned case.

WHEREAS, Plaintiff filed the above-captioned case pursuant to 42 U.S.C. § 1983 seeking declaratory and injunctive relief for alleged violations of his rights under the First Amendment;

WHEREAS, Defendant Hunt denied Plaintiff's claims and the remaining defendants filed a motion to dismiss;

WHEREAS, the parties engaged in informal settlement discussions, which resulted in a settlement;

NOW, THEREFORE, in order to avoid further controversy, expense, and inconvenience, Plaintiff and Released Parties have agreed upon a full and final settlement of the matters described herein and desire the settlement be memorialized in this Agreement upon the following terms and conditions:

1. <u>Definitions</u>. Unless otherwise noted, the following definitions apply in this Agreement and for the purposes of this Agreement alone:

   a. **Account.** The term "Account" means and refers to the Facebook Account with the name "Tim Stanhope" that Plaintiff used to comment on the Page, as defined *infra*.

   b. **Page.** The term "Page" means and refers to the Facebook page of NCNG, which uses the @NCNationalGuard handle, and which is the subject of this lawsuit.

   c. **NCNG Social Media Pages.** The term "NCNG Social Media Pages" means and refers to any official social media pages (other than the Page) or accounts of NCNG on any social media platform.

2

2. <u>Terms</u>. NCNG agrees to the following in full and complete satisfaction of Plaintiff's claims against Released Parties described in Paragraph 4 ("Release by Plaintiff"):

    a. **Unbanning from the Page**: Within 10 business days of full execution of this Agreement, NCNG shall unban Plaintiff's Account from the Page.

    b. **Past Hidden/Deleted Comments or Replies**. NCNG will use reasonable efforts to unhide or undelete any past comments or replies made by Plaintiff's Account on the Page, except for the following: a post made in October 2023, which depicted an award processing form that contained Personally Identifiable Information (PII) of another Soldier including their Department of Defense Identification (DoDID) number.

    c. **Future Comments or Replies**. No NCNG personnel will ban or block Plaintiff's Account or any of Plaintiff's other social media accounts from the Page or any other NCNG Social Media Pages, nor will any NCNG personnel filter, hide, or delete any post, comment, or reply that Plaintiff makes on the Page or on any other NCNG Social Media Page, on the basis of the viewpoint expressed in the comment or reply. However, NCNG reserves the right to hide or delete any comment or reply that violates the Page's stated User Agreement, or state/federal law.

3

d. **Comment Policy**. Within 10 business days of full execution of this Agreement, NCNG agrees to **remove** the following language from the Page's User Agreement:

> "EDITING AND DELETIONS The Department of Defense reserves the right, but undertakes no duty, to review, edit, move or delete any material submitted as a comment to the information provided for display or placed on the social media websites in its sole discretion, without notice."

> "inappropriate comments may be deleted at the sole discretion of the Department of Defense."

and **add** to the Page's User Agreement the following sentence:

> "Posts will not be removed, hidden, or deleted, and users will not be banned or blocked, based on the viewpoint expressed in any comments."

e. **Revision.** To the extent that the Page's comment policy, or the comment policy on any of the NCNG Social Media Pages requires revision, it will continue to include provisions that users will not be blocked, and that posts, comments, or replies by members of the general public on the Page or any NCNG Social Media Page will not be removed on the basis of the viewpoint expressed.

f. Nothing in this Agreement shall be construed to constitute a guarantee or promise that Plaintiff's Account is not subject to Facebook's Terms of Service, Community Standards, or any other terms of use that Facebook, a third-party private host of the Page, may place on its users. The Parties

4

acknowledge that the Released Parties are not responsible for any action that Facebook may take with respect to Plaintiff's Account or any content that he posts.

3. Dismissal of the Above-Captioned Case. Within 10 business days of full execution of this Agreement, Plaintiff shall file a signed Joint Stipulation of Dismissal with Prejudice as to all of Plaintiff's claims against the Released Parties, with all parties to bear their own attorneys' fees and costs. The Parties agree that the Joint Stipulation shall contain the following language:

> Pursuant to Federal Rule of Civil Procedure 41(a)(2), the parties hereby stipulate and agree that the action be dismissed with prejudice, conditioned upon the Court entering an order retaining jurisdiction for two (2) years from the Effective Date of the attached Settlement Agreement to enforce the terms of that Settlement Agreement. Each party will bear its own costs and fees. The claims asserted by the Plaintiff in the above-captioned action have been settled by the parties.

4. Release by Plaintiff. Plaintiff does hereby forever release, discharge, and waive any cause of action, claim, demand, or proceeding of any kind (including attorneys' fees and costs) under state or federal law, in any venue, known or unknown, against the Released Parties, the State of North Carolina, and all past or present agents, employees, or contractors of NCNG in their official and/or individual capacities, related to and/or arising, resulting, or growing out of the facts that were alleged in Plaintiff's Complaint, or any other posts, comments, or replies on the Page by Plaintiff prior to the time that the Complaint was filed.

5

5. <u>Release by Defendants</u>. Defendants hereby release, discharge, and waive any cause of action, claim, demand, or proceeding of any kind (including attorneys' fees and costs) under state or federal law, in any venue, known or unknown, against the Plaintiff, related to and/or arising, resulting, or growing out of the facts that were alleged in Plaintiff's Complaint, or any other posts, comments, or replies on the Page by Plaintiff prior to the time that the Complaint was filed.

6. <u>No Admission of Liability</u>. Plaintiff and Released Parties understand and agree that this Agreement is a compromise settlement of disputed claims and is intended to terminate any and all claims, herein released, and avoid further litigation. Settlement in this matter by the Released Parties is not to be construed as an admission of any liability by any party.

7. <u>Future Cooperation</u>. Plaintiff and Released Parties agree to cooperate, to execute any and all reasonable and necessary supplementary documents, and to take all additional reasonable actions that may be necessary to give full force and effect to the terms of this Agreement within the spirit of this Agreement.

8. <u>Entire Agreement</u>. The rights and obligations of Plaintiff and his respective agents, successors, and assignees shall be subject to and governed by this Agreement, which supersedes any other understandings or writings between or among Plaintiff and Released Parties. This Agreement contains the entire agreement between Plaintiff and Released Parties on the subject matter of this

6

settlement, and there are no understandings or agreements, verbal or otherwise, regarding this settlement except as expressly set forth herein.

9. <u>Continuing Jurisdiction</u>. This Agreement has been drafted in accordance with the laws of the State of North Carolina and accordingly, any interpretation or enforcement of this Agreement shall be governed by the laws of North Carolina. Any action to enforce this Agreement shall be filed in the federal District Court for the Eastern District of North Carolina provided that Court has jurisdiction over the claim. The Parties consent to the continuing jurisdiction of the Court for a period of two (2) years after dismissal of this Action. During this two-year period, if Plaintiff alleges his rights under this Settlement Agreement have been violated, Plaintiff will provide Defendants' counsel thirty days notice to cure any violation of the Settlement Agreement prior to filing anything to enforce the Settlement Agreement. Notwithstanding the foregoing, nothing in this Settlement Agreement is intended either to create any rights in or grant any cause of action to any person not currently a party to this litigation.

10. <u>Reading of Agreement</u>. Plaintiff hereby acknowledges that he has read this Agreement, conferred with his attorney, fully understands its contents, consents to the settlement of the claim on the terms set forth herein, and does so in reliance upon his own judgment and the advice of his attorney, and not in

7

reliance on any other representations or promises of the NCNG, its representatives, or attorneys, not expressly included in this Agreement.

11. Manner of Execution. This Agreement may be executed, including execution by facsimile or other electronic means, in any number of counterparts, each of which shall be deemed to be an original and all of which together shall constitute one and the same document. The Parties may execute this Agreement by way of electronic signature.

IN WITNESS WHEREOF and intending to be legally bound hereby, the parties have executed this Settlement Agreement on the date written below their respective signatures.

Timothy Stanhope
*Plaintiff*

Date: 5-18-26

Major General M. Todd Hunt
Adjutant General
North Carolina National Guard

Date: JUN 1 6 2026

8